IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ANNA T.,<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:22-CV-00093-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Anna T.'s appeal from the decision of the Social Security Administration denying her application for supplemental security income. The Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

1

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II.  BACKGROUND

A.  PROCEDURAL HISTORY

In February 2021, Plaintiff filed an application for supplemental security income, alleging disability beginning on September 9, 2020.[7] The claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on June 30, 2022.[9] The ALJ issued an unfavorable decision on August 25, 2022.[10] The Appeals Council denied review on November 1, 2022,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

On December 13, 2022, Plaintiff filed her complaint in this case.[13] On December 15, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for

---

[4] *Richardson*, 402 U.S. at 390.
[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[7] R. at 245–53.
[8] *Id.* at 145–49, 153–55.
[9] *Id.* at 609–38.
[10] *Id.* at 20–49.
[11] *Id.* at 1–6.
[12] 20 C.F.R. §§ 416.1481, 422.210(a).
[13] Docket No. 6.

the Tenth Circuit.[14] The Acting Commissioner filed an answer and the administrative record on February 6, 2023.[15]

Plaintiff filed her Opening Brief on April 21, 2023.[16] The Acting Commissioner's Answer Brief was filed on July 24, 2023.[17] Plaintiff filed her Reply Brief on August 4, 2023.[18]

B.   MEDICAL HISTORY

Plaintiff sought benefits based on rheumatoid arthritis, fibromyalgia, migraines, depression, anxiety, and post-traumatic stress disorder ("PTSD").[19] Plaintiff's arguments are related to her physical impairments and the Court will focus on those. Plaintiff has been treated by her primary care physician, Dennis J. Foley, M.D., and a rheumatologist, Alexander Hu, D.O.[20] During these visits, Plaintiff has complained of back pain, migraines, and hand pain.[21] She has been prescribed medication for her conditions and has noted good prophylaxis, especially with respect to her migraines.[22] However, she has also reported symptoms of photophobia, phonophobia, and nausea and vomiting associated with her migraines.[23]

---

[14] Docket No. 8.

[15] Docket Nos. 10, 13.

[16] Docket No. 17.

[17] Docket No. 23.

[18] Docket No. 24.

[19] R. at 273.

[20] *Id.* at 355–86, 395–408.

[21] *Id.* at 355, 360, 370, 380, 395, 400, 404, 418, 453, 460, 538, 571, 577–78.

[22] *Id.* at 433, 453, 457.

[23] *Id.* at 464.

Plaintiff was seen by Grayson Dart, D.O., for an independent medical evaluation in July 2021.[24] Dr. Dart diagnosed arthritis of the hands bilaterally, fibromyalgia, migraine headaches, and depression.[25] Dr. Dart concluded that there was no recommended limitations for the number of hours Plaintiff could sit during a normal work day, but that she was limited to standing and walking for about four to six hours.[26] Dr. Dart opined that Plaintiff could lift ten to fifteen pounds and carry up to twenty pounds occasionally.[27] Dr. Dart recommended limiting Plaintiff to only occasional reaching, pushing, pulling, handling, grasping, fingering, and feeling.[28]

State agency consultant, Jeffrey Merrill, M.D., reviewed Plaintiff's case and opined that Plaintiff had the capacity to perform a range of light work.[29] A second state agency medical consultant, Francis Yamamoto, M.D., also reviewed the evidence and agreed with Dr. Merrill's assessment.[30]

At the hearing before the ALJ, Plaintiff testified that she suffered from depression, anxiety, PTSD, fibromyalgia, rheumatoid arthritis, and migraines.[31] Plaintiff stated that she was prescribed propranolol for her migraines but, even with the medication, she got debilitating

---

[24] *Id.* at 429–34.
[25] *Id.* at 433.
[26] *Id.*
[27] *Id.* at 434.
[28] *Id.*
[29] *Id.* at 114–116.
[30] *Id.* at 125–28.
[31] *Id.* at 620.

migraines two or three times per week.[32] To treat her migraines, she has to lie down in a quiet, dark room.[33]

C.  THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 12, 2021, the application date.[34] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: fibromyalgia, degenerative disc disease of the lumbar and cervical spine, depression, anxiety, and PTSD.[35] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[36] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with certain modifications.[37] At step four, the ALJ determined that Plaintiff could perform her past relevant work as a child monitor.[38] Additionally, at step five, the ALJ found that there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, she was not disabled.[39]

---

[32] *Id.* at 621–22.
[33] *Id.* at 628.
[34] *Id.* at 26.
[35] *Id.* at 26–27.
[36] *Id.* at 27–29.
[37] *Id.* at 30–41.
[38] *Id.* at 41.
[39] *Id.* at 41–44.

III.  DISCUSSION

Plaintiff raises two issues in her brief: whether the ALJ erred in his consideration of Plaintiff's migraine headaches; and whether the ALJ erred in his evaluation of Plaintiff's upper extremity limitations. The Court will limit its discussion to the ALJ's evaluation of Plaintiff's headaches.

Social Security Ruling ("SSR") 19-4p sets out how an ALJ should evaluate cases involving headache disorders in the sequential evaluation process.[40] At step two, the ALJ must determine whether a headache disorder is a severe impairment.[41] At step three, the ALJ considers whether a headache disorder medically equals a Listing 11.02.[42] "If a person's primary headache disorder, alone or in combination with another impairment(s), does not medically equal a listing at step three of the sequential evaluation process, [the ALJ] assess[es] the person's [RFC]."[43] The ALJ "must consider and discuss the limiting effects of all impairments and any related symptoms when assessing a person's RFC."[44]

The ALJ acknowledged that Plaintiff suffered from migraines but found that it was not a severe impairment.[45] In reaching this conclusion, the ALJ stated, incorrectly, that "treatment records did not include evidence of reports of photosensitivity or the need to lie down, due to

---

[40] 2019 WL 4169635 (Aug. 26, 2019).

[41] *Id.* at *2.

[42] *Id.* at *7.

[43] *Id.*

[44] *Id.*

[45] R. at 26.

6

headaches."[46] The ALJ went on to state that Plaintiff's normal to mild findings on examination and apparent medical improvement or control supported the conclusion that Plaintiff's migraines were non-severe.[47]

The ALJ's analysis of Plaintiff's migraines largely ends there. The ALJ did not discuss whether Plaintiff's migraine headaches met or equaled a listed impairment and did not state that Listing 11.02 was considered.[48] While the ALJ did suggest that Plaintiff's migraine headaches would not cause any additional limitations in Plaintiff's RFC,[49] this was based on the ALJ's failure to accurately state the record concerning the reported side effects of Plaintiff's migraines.

In determining Plaintiff's RFC, the ALJ was required to consider all of Plaintiff's medically determinable impairments, including those that are not severe.[50] Here, the ALJ failed to adequately consider the effects of Plaintiff's "migraines or headaches at step four in determining [her] RFC."[51] SSR 19-4p provides an example of when a headache disorder may provide a work-related limitations. It states that "symptoms of a primary headache disorder, such as photophobia, may cause a person to have difficulty sustaining attention and concentration."[52]

There is ample evidence in the record to support Plaintiff's claims of migraine headaches. There is also evidence in the record that Plaintiff reported her migraines were accompanied by

---

[46] *Id.*

[47] *Id.*

[48] *Id.* at 27–29.

[49] *Id.* at 35.

[50] *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); *see also* 20 C.F.R. § 404.1545(e).

[51] *Deardorff v. Comm'r, SSA*, 762 F. App'x 484, 486 (10th Cir. 2019).

[52] SSR 19-4p, at *8.

photophobia, phonophobia, nausea, and vomiting,[53] despite the ALJ's statement to the contrary. As SSR 19-4p suggests, such side effects could result in difficulty sustaining attention and concentration. Plaintiff testified that she gets debilitating migraines two to three times per week and her headaches require her to lie down in a quiet, dark room.[54] The vocational expert testified that a person could not sustain full-time competitive work with more than one absence a month or fifteen percent of the workday off task. With this, there is some evidence that Plaintiff's headaches could result in limitations. This requires remand for the ALJ to consider in the first instance.[55] Because this case must be remanded, the Court will not address the other issue raised by Plaintiff.[56]

## IV. CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

---

[53] R. at 460–64.

[54] *Id.* at 620–22, 628.

[55] *Deardorff*, 762 F. App'x 490 (finding that "[t]he ALJ erred by failing to discuss the significant evidence of Mr. Deardorff's headaches and how they might impact his functional abilities" and remanding "for the ALJ to consider the evidence of Mr. Deardorff's headaches in assessing his RFC").

[56] *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (declining to address other issues raised on appeal when the ALJ's error affected the analysis as a whole); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

DATED this 8th day of August, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge